UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE MORGAN, | No. 2:23-cv-01309-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| JEFFERY MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 2).

## Application to Proceed in Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) alleges the following: On August 21, 2022, plaintiff received a rules violation report ("RVR") for a cellular device. Throughout the RVR process, the defendants falsified CDCR and state documents, interfering with plaintiff's ability to defend himself. Further, defendant Davis did not allow plaintiff to call a witness. Plaintiff was found guilty of the RVR. Plaintiff alleges violations of his right to due process, as well as violations of

his Sixth and Eighth Amendment rights.  Plaintiff seeks compensatory and punitive damages as relief.

As a threshold matter, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Thus, the Sixth Amendment, which applies only to criminal prosecutions, is not applicable here.  In addition, an Eighth Amendment claim cannot be based on "an allegation that defendants issued a false rules violation against plaintiff." *Jones v. Prater*, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. Jun. 1, 2012); *Cauthen v. Rivera*, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. Apr. 30, 2013).

Rather, to state a federal claim based on a falsified RVR, a plaintiff must allege either that (1) the false RVR was used to subject plaintiff to criminal charges in violation of due process (*Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001)) or (2) the false RVR was issued in retaliation for the plaintiff's exercise of rights protected by the First Amendment (*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).  The complaint does not include facts making out either a *Devereaux* due process or a retaliation claim.  "The issuance of a false RVR, alone, does not state a claim under § 1983." *Murschel v. Paramo*, No. 3:17-CV-1142 BTM (AGS), 2018 U.S. Dist. LEXIS 10939, at *13 (S.D. Cal. Jan. 22, 2018).

Thus, the complaint as drafted fails to state a claim.  There are, however, certain procedural guarantees for prison disciplinary proceedings where a protected liberty or property interest is at stake, including the opportunity to call witnesses.  *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).  Plaintiff has alleged that he was denied his right to call a witness, but he has not alleged that he had a protected property or liberty interest at stake, such as the loss of good time credits.[1]  Plaintiff will be given leave to amend for an opportunity to cure, if possible, the defects in his complaint.  In any amended complaint, plaintiff should allege what punishment, if any, was imposed though the RVR proceedings.

---

[1] Even assuming a loss of good time credits, it is noted that if the restoration of any good-time credits would affect the length plaintiff's sentence (that is, if plaintiff is serving a determinate sentence), the claim is likely to be barred by the rule announced in *Heck v. Humphrey*, 512 U.S. 477, (1994).

3

For all of these reasons, plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief could be granted.

Leave to Amend

If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

4

3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: August 28, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE